## PAPPE V. POST.

No. 2203, Okla. T.    Opinion Filed May 12, 1909.

(101 Pac. 1055.)

1.    PLEADING — Appeal and Error—Amendment— Discretion of Court.   The imposition of terms upon granting leave to amend is a matter resting in the sound discretion of the trial court, and its action in the exercise of this discretion will not be disturbed on appeal except where a clear showing of abuse is made.

2.    SAME—Failure to Comply With Order—Dismissal.   Where, on the trial of a cause, a jury is impaneled, and the court sustains an objection to the introduction of evidence on the ground that plaintiff's petition does not state facts sufficient to constitute a cause of action, and plaintiff is given leave to amend upon the payment of the costs accrued at that term, and avails himself of such leave by filing an amended pleading, the judgment of the court thereafter rendered, dismissing said cause for failure or refusal to pay such costs, will not be disturbed in this court on the claim of plaintiff that the ruling of the court upon the sufficiency of the pleading was erroneous.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action by R. Pappe against Ben Post.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*D. K. Cunningham,* for plaintiff in error.

*M. W. Hinch,* for defendant in error, cited: *Briggs v. Tye,* 16 Kan. 288; *Wands v. School District,* 19 Kan. 204; *Krause v. Pratt et al.,* 37 Kan. 651.

DUNN, J.   This proceeding presents an appeal from a judgment of the district court of Kingfisher county, dismissing plaintiff's action for failure to comply with the terms made in an order of the court allowing an amendment to his bill of particulars, which was by the court held insufficient on an objection to the introduction of evidence.   The amendment allowed was conditioned upon the payment of costs of that term.   Plaintiff amended his bill of particulars as allowed by the court, but refused or

failed to pay the costs for the reason, as he contended, the bill of particulars to which the objection was sustained was not defective, and that the ruling of the court sustaining the objection and imposing costs for amendment was erroneous.

In our judgment plaintiff waived his right to this contention by accepting and availing himself of the leave granted by the court to make the amendment. The objection presented the same question that would have been raised by a general demurrer, and to our minds practically the same rules are applicable. Section 147, art. 8, c. 66, par. 4345, Wilson's Rev. & Ann. St. Okla. 1903, provides:

"If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court, in its discretion, shall direct."

Sections 143 and 145 of the same statutes also provide for the allowance of amendments to pleadings and for the judgment of costs and terms on making the same. The general rule on the question of the right of the court to exercise its discretion in allowance of amendments to pleadings is stated in 1 Ency. P. & P. p. 647, et seq. substantially as follows: The imposition of terms upon granting leave to amend is a matter resting in the sound discretion of the trial court, the exercise of which is not a subject of review by an appellate tribunal, except in a clear case of abuse, or where a positive statutory provision or rule of court has been violated. A party cannot accept, so far as it is for his benefit, a conditional order granting him leave to amend, and then question the validity of the order; and, where a party accepts the terms imposed upon him, the appellate court will not modify those terms, although it should appear that the amendment was unnecessary. It is in the ordinary course of courts in granting leave to amend to impose terms of some kind upon the party at whose instance the amendment is made, and, where an amendment is allowed before the trial, it is customary to exact from the party applying the payment of the costs of the motion. There is no precise rule governing the discretion of the court, except that it must be a judicial discretion, and not be exercised arbitrarily.

In support of the text of this authority, a large number of cases from the appellate courts of the different Code states are cited. In our judgment the rule there laid down, that the imposition of terms on granting leave to amend is a matter resting in the sound discretion of the trial court, not to be disturbed or reviewed except in a clear case of abuse, is correct.

In the case at bar the cause was duly called for trial, and a jury impaneled to try the same. An objection was made to the introduction of evidence for the reason that the bill of particulars did not state facts sufficient to constitute a cause of action, and plaintiff was given leave to amend within 30 days upon the payment of the costs of that term. In our judgment the order was not unreasonable, and plaintiff, having accepted the benefits of it, ought not complain on being held to its burdens.

The judgment of the lower court is, accordingly, affirmed.

All the Justices concur.