## DELZELL v. COUCH.

No. 8733—Opinion Filed June 4, 1918.

(173 Pac. 361.)

**1. Limitation of Actions—Petition Showing Action Barred by Statute—Demurrer.**

Where a petition on its face shows that the cause of action therein is barred by the statute of limitations, a general demurrer is properly sustained to such petition unless facts are pleaded in the petition showing the statute of limitations has been tolled.

**2. Limitation of Actions—Set-Off.**

While a set-off barred by the statute of limitations may be legally pleaded by virtue of section 4662, Revised Laws 1910, as a set-off, an original action cannot within one year after such set-off is pleaded be maintained on such set-off, notwithstanding such set-off so pleaded is not disposed of upon its merits, as such set-off after it is barred is without validity, where the defense of the statute is interposed by the defendant.

**3. Limitation of Actions — Pleading in Avoidance of Defense.**

Where an action is brought upon a promissory note, which upon its face shows to be barred by the statute of limitations, the bur-

den is upon the plaintiff to plead facts relieving said action from the bar of the statute of limitations in order to successfully defeat a general demurrer interposed to the petition in such action.

(Syllabus by Collier, C.)

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by Charles M. Delzell, administrator of the estate of Wm. R. Addy, deceased, against Larkin S. Couch. Demurrer to petition sustained, judgment rendered for defendant for his costs and that the cause be dismissed, and plaintiff brings error. Affirmed.

James W. Steen and Titus & Talbot, for plaintiff in error.

Parker & Simons, for defendant in error.

Opinion by COLLIER, C. On the 20th day of March, 1916, the plaintiff in error, hereinafter styled plaintiff, instituted an action against the defendant in error, hereinafter styled defendant, based upon two promissory notes, each in the sum of $350, dated October 8, 1904, due in one and two years respectively, and to foreclose a mortgage on the lands described in the petition given as securtiy of said debt.

The defendant demurred to the petition upon the ground, together with other grounds, "that said petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff, and against said defendant," which demurrer was sustained by the court, to which the defendant duly excepted.

The plaintiff declining to plead further, and electing to stand upon his petition, judgment was rendered for the defendant herein for his costs taxed, and that said cause be dismissed, to which he duly excepted.

The petition in this cause, together with the exhibits thereto attached, cover 63 typewritten pages, and it would unnecessarily incumber the record to set the same out.

The averments of said petition necessary to be considered in determining the questions involved are the following:

"That in the early part of September, 1904, the said William R. Addy sold said land to the defendant, Larkin S. Couch, for the consideration of $1,425, and thereafter caused to be executed by said Thomas E. Addy, and his wife, Bertha Addy, a warranty deed for said land to said Larkin S. Couch, dated September 14, 1904; that on or about the 8th day of October following the transaction for the sale of said land was completed by defendants executing the notes and mortgage aforesaid, and the payment of said purchase price in cash, all of which, together with said deed, was deposited in escrow in a bank at Helena, Okla., to be delivered when title to said land was satisfactory to said Couch; that a few days thereafter said Couch took possession of said deed and caused the same to be placed on record, thereby releasing the escrow; thereupon the consideration for said land, said notes and mortgage and said sum of money, were delivered to said William R. Addy; that said notes and mortgage thereby became the property of said William R. Addy, though they were in the name of said Thomas E. Addy; that upon the death of said William R. Addy said notes and mortgage became and now are the property of estate of said William R. Addy, deceased, and this plaintiff, as the administrator of said estate, is entitled to collect the sums of money represented thereby, and to disburse the same as provided by law.

"That on the 18th day of October, 1904, said Fannie F. Addy instituted an action in the district court of Woods county, Territory of Oklahoma, against William R. Addy, Thomas E. Addy, Bertha Addy, and Larkin Couch, to cancel the conveyance of said real estate so far as the same affects her homestead rights therein, and to secure possession of said property. A trial was duly had and judgment rendered therein on the 20th day of October, 1910, by which said Fanny F. Addy was decreed to have a life estate in said real estate, and entitled to the possession thereof. The court further found by said decree that the deed from William R. Addy, and Fanny F. Addy was taken from escrow without right of authority; that said property at the time of the sale and transfer to said Couch was in fact the property of said William R. Addy, and the homestead of said William R. Addy and his wife, Fanny F. Addy, and that said Thomas E. Addy never had any right, title, or interest in or to said land, but held merely the legal title thereto for the benefit of said William R. Addy and Fanny F. Addy, that said Couch knew at the time that he purchased said land from said William R. Addy the mental and physical condition of said William R. Addy, and knew that Fanny F. Addy had a homestead right in said lands, and that without her consent he could only purchase from said William R. Addy, the remainder, after the life estate of said Fanny F. Addy.

"That said Larkin S. Couch duly appealed from the judgment in said action to the Supreme Court of the state of Oklahoma, where said cause presented on said appeal, and on the 28th day of January, 1913, said judgment was by said court duly affirmed. Reference to the published report of said cause is hereby made, citing 35 Okla. at page 355, 129 Pac. 709.

"That during the pendency of said action in the district court of Woods county, and on the 25th day of October, 1910, said William R. Addy departed this life, and thereafter, and on the —— day of——, 1910, the plaintiff was duly appointed as administrator of the estate of said William R. Addy, deceased.

"That the notes and mortgage herein described and hereinafter referred to as exhibits were executed in the name of said Thomas E. Addy, as payee and mortgagee, but this plaintiff says that said notes and mortgage were the property of said William R. Addy at said time, and at the time of his death, and are now the property of this plaintiff as such administrator, and that this plaintiff is entitled to collect the same.

"The plaintiff further says that on the 13th day of May, 1912, this plaintiff instituted an action in the county court of Alfalfa county, Okla., as administrator of the estate of William R. Addy, deceased, against the Helena State Bank, as the successor of the Bank of Helena, to collect from said bank the sum of $402.50, then in said bank as the property of said William R. Addy, deceased, and a part of the purchase price of said land as aforesaid; that the said bank duly appeared therein by answer, and afterwards by affidavit, stating that it disclaimed all right, title, or interest to said money, but that said Larkin S. Couch, claimed the same, and asked that said Couch be required to answer or defend. Thereafter said Couch duly appeared and filed his interplea, and afterwards an amended interplea, in which he set up and claimed a breach of warranty of the deeds from William R. Addy and Fanny F. Addy to Thomas E. Addy and Bertha Addy to Larkin S. Couch, whereby and by reason of his failure to complete and perfect title to said land, and his failure to retain possession thereof, he had been damaged, and would suffer other damages in the future, the exact amount he was unable to or for other reasons failed to, set us. He also further alleged therein that upon the filing of said action in the district court of Woods county by said Fanny F. Addy as aforesaid said William R. Addy entered into an oral agreement with said Couch by which said William R. Addy was to and did deposit said sum of $402.50 in said bank to be used in defraying the expenses Couch should be put to in defending against and defeating the efforts of said Fanny F. Addy, to secure and retain her homestead rights in said property, and prayed that said sum of $402.50 be delivered to said Couch as a part payment of such expenses.

"On the 21st day of October, 1913, plaintiff duly filed his answer in said action in which the notes and mortgage sued upon herein were set up as a complaint against the cause of action of said Larkin S. Couch, that at the time this plaintiff also filed his motion for a transfer of said cause to the district court of said county where jurisdiction of said foreclosure action could be had. The said court denied said motion, and also, upon demurrer to a portion of said answer filed by said Couch, sustained said demurrer, and thereby dismissed said cause of action on said notes, and said mortgage upon the ground of want of jurisdiction in said court.

"This plaintiff says that by reason of the matters and things so set up in said pleadings by said Couch as aforesaid that this plaintiff had a right to file as a cross-complaint his cause of action on said notes, and that it was the duty of said court to transfer said cause to the district court for further proceedings on said foreclosure of said mortgage, but that in any event this plaintiff was entitled to set up and litigate in said action his cause of action on said notes. that the county court had jurisdiction of the subject-matter of said notes, and the dismissal of said cause of action set up thereon was otherwise than on their merit."

This cause comes here upon transcript, and the only controversy involved is as to whether or not the demurrer was properly sustained to the petition.

It is a well-settled principle of law in this jurisdiction that, if the petititon upon its face shows that the cause of action is barred, a general demurrer to the petition should be sustained. Martin v. Gassert, 40 Okla. 608, 139 Pac. 1141; Webb v. Logan, 48 Okla.. 354, 150 Pac. 116. It is also well settled in this jurisdiction that, where the petition upon its face shows that the cause of action is barred, the burden is upon the plaintiff to plead and prove facts relieving such action from the bar of the statute of limitations. Shaw v. Dickinson, 65 Okla. 186. 164 Pac. 1150. And if said burden is not discharged, a general demurrer to the petition should be sustained.

It is averred in the petition:

"That a few days after the early part of September. 1904, said Couch took possession of said deed and caused the same to be placed on record. thereby releasing the escrow thereupon the consideration for said land, and said notes and mortgage and said sum of money were delivered to said William R. Addy; that said notes and mortgage thereby became the property of said William R. Addy, though they were in the name of said Thomas E. Addy; that upon the death of said William R. Addy said notes and mortgage became, and now are the property of the estate of said William R. Addy. deceased."

It is also averred in said petition:

"That on the 13th day of May, 1912, this plaintiff instituted an action against the

bank in which the escrow was originally deposited to recover the money deposited in said bank, in which said action the defendant here inter-pleaded and set out a claim for $763.35, for expenses incurred in a former litigation, to which said cause of action the plaintiff pleaded as a set-off the notes here sued upon."

It therefore clearly appears that at the time said notes were pleaded as a set-off said notes were barred. It is earnestly contended by plaintiff that by reason of having pleaded these notes as a set-off a suit was thereby instituted, and the bar of the statute tolled that authorizes the bringing of an action on said notes within one year thereafter, and with this contention we cannot agree. At the time said notes were pleaded as a set-off an original action could not have been successfully maintained thereon, as they were barred by the statute of limitations. By section 4746, Revised Laws 1910, it is provided:

"That either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

It therefore clearly appears that the bar of the statute is removed upon a cause of action that has been barred, only for one purpose, and that is that the same can be successfully pleaded as a set-off; that is to say, that notwithstanding that at the time said set-off is pleaded it is barred as an original action, it may yet be successfully pleaded as a set-off.

Section 4664, Revised Laws 1910, provides: "When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense, except as otherwise provided with reference to a counterclaim or set-off."

Section 4662, Revised Laws 1910, provides:

"If an action be commenced within due time, and a judgment thereon for the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Hence, if at the time said notes were

pleaded as a set-off said notes had not been barred, then unquestionably the plaintiff would have had a right under section 4662, Revised Laws 1910, within one year after the dismissal of said notes as a set-off, to have maintained an action thereon, but, the notes having been barred at the time they were pleaded as a set-off, then said notes could not be successfully sued upon. Amsden v. Johnson et al., 74 Oklahoma. 158 Pac. 1148, and authorities cited therein. In short, after the notes became barred by limitation, they were without legal life, except that they might be placed as a set-off.

It is earnestly insisted by the plaintiff that the arrangement between Wm. R. Addy and Couch tolled the statute of limitations until the final affirmance of the litigation between Mrs. Addy and Couch in the Supreme Court of this state, but there are no facts pleaded by the plaintiff which would have such effect. On the contrary, it is specifically alleged in the petition that said escrow was terminated, and said notes delivered were the property of Wm. R. Addy, prior to his death, whose death occurred in 1904, and hence we are unable to see how the statute was tolled until the final termination of the litigation between Mrs. Addy and Couch.

As it clearly appears from the face of the petition that the cause of action stated therein, the notes sued upon. were barred by the statute of limitations. there being no fact pleaded in the petition to legally show such bar of the statute has been tolled, the court did not err in sustaining the general demurrer pleaded to the petition.

This cause is affirmed.

By the Court: It is so ordered.