**DELZELL, Ex'r, et al. v. COUCH.**

No. 20069. Opinion Filed July 7, 1931.

208

Titus & Hill, for plaintiffs in error.

Simons, McKnight, Simons & Mitchell, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Alfalfa county by defendant in error, Larkin S. Couch, plaintiff below, against plaintiffs in error, Charles M. Delzell, as executor of the estate of Fanny F. Addy, deceased, and Allen H. Buck.

The parties will be referred to, for convenience, as they appeared in the trial court.

Plaintiff, Couch, alleged that he was the owner of the lands described in the petition, and entitled to the immediate possession thereof; that, on and prior to the 15th day of June, 1903, one William R. Addy was the owner of certain lands described in the petition; that, on said date, William R. Addy and Fanny F. Addy, his wife, executed warranty deed to Thomas E. Addy for one-half of said lands; placed the same in escrow in the Farmers State Bank of Cleo, Okla.; that said deed was procured from said bank by William R. Addy and filed of record and delivered to Thomas E. Addy; that, on the 14th day of September, 1904, this plaintiff purchased said property from Thomas E. Addy, who executed to him a warranty deed thereto; and that he went into the possession of said lands and held the same until he was divested of such possession by judgment of district court of Woods county, rendered on October 20, 1910; that Fanny F. Addy commenced an action in the district court of Woods county against this plaintiff and others, and on October 20, 1910, judgment was rendered therein; that appeal was taken therein to the Supreme Court by this plaintiff, and cause affirmed; that, by the terms of the judgment, Fanny F. Addy was awarded the right to use and occupy the lands which had been conveyed to this plaintiff during the lifetime of Fanny F. Addy and her husband, William R. Addy, upon the ground that the land conveyed to this plaintiff was a part of her homestead; that, since the rendition of such judgment, William R. Addy, husband of Fanny F. Addy, died, and has been dead for many years; and that Fanny F. Addy continued to use and occupy such lands as a homestead down to the date of her death, October 26, 1927; that with the death of Fanny F. Addy her right to use and occupy the land ended, and all her right expired, and William R. Addy was concluded and bound by the conveyance; that upon the death of Fanny F. Addy, this plaintiff became entitled to the immediate possession of the land; that notwithstanding the fact that Fanny F. Addy had no right, title, or interest therein, except to use and occupy the same as a homestead, she attempted to dispose of same by will; that the will was admitted to probate, and Charles M. Delzell was appointed executor; that he, as such executor, asserts the right to the possession of said lands; that defendant Allen H. Buck has been farming the land, and claims to have been in possession under and by virtue of a lease; that demand has been made upon Allen H. Buck for possession, and possession refused by him; that said land is no part of the estate of Fanny F. Addy.

Plaintiff prayed for judgment for possession of said lands.

Plaintiff, by his second cause of action, adopted the allegations of his first cause of action, and alleged the defendant Charles M. Delzell, as executor of said estate, claims some right, title, or interest in behalf of said estate, and prayed for judgment against said defendants quieting the title of plaintiff and barring the said defendants and the estate of Fanny F. Addy, deceased, from any right, title, or interest in said real estate, and for equitable relief.

The deeds and proceedings had in the suit in Woods county were made exhibits to the petition.

The defendant Charles M. Delzell, as executor of the estate of Fanny F. Addy, deceased, filed answer by way of general denial; alleged that the property in question was, at the time of execution of the deed in favor of plaintiff, owned and possessed by William R. Addy and Fanny F. Addy, though the naked legal title at that time was in Thomas E. Addy; that the consideration of such conveyance was $1,425, $725 of which was paid in cash, balance evidenced by two

written promissory notes of $350 each, dated October 8, 1904, due in one and two years, signed by Larkin S. Couch and wife, secured by mortgage upon the lands in question; that William R. Addy died on or about ____ day of November, 1910, intestate, and his estate was probated and closed; that no decree of heirship was made, but that Fanny F. Addy, his wife, was his sole and only heir at law, and as such became the owner of the notes and mortgage; that Fanny F. Addy died testate on or about the 26th day of October, 1927, and proceedings to probate her will and estate were instituted, and Charles M. Delzell appointed executor, and as such is in possession of the notes and mortgage, and is entitled to the proceeds thereof.

This defendant says that he and his codefendant, Allen H. Buck, are now, and ever since the death of Fanny F. Addy have been, in possession of said real estate, and are entitled to hold such possession until the unpaid portion of the purchase price of said real estate, represented by said notes and mortgage, is paid in full, including the interest thereon.

Defendant further says that, immediately after the execution of the conveyance, on or about ____ day of October, 1904, without lawful right, plaintiff took possession of the real estate, and took the rents and profits until October, 1911; that the reasonable rent value was $1,200, which defendant is entitled to receive prior to restitution of said property. Prayed for judgment for said sums, to wit, unpaid purchase price and unpaid rents, and that plaintiff's possession be denied until such sums are paid, and that a time be fixed to make said payments, and in default the property be sold to satisfy such indebtedness. Notes and mortgages attached as exhibits.

Allen H. Buck filed amended answer, and alleged he had been a tenant on the lands in question rented from Fanny F. Addy, and had rented the lands for the year beginning August, 1927, and ending August 1, 1928; as rent to give one-third of all grain; that he acted in good faith, and has expended money in preparing the ground, and is entitled to the tenant's share of said crop. Prayed that he have judgment for tenant's share of said crop.

Plaintiff filed reply to answer of Charles M. Delzell, executor, by way of general denial to all new matter set up; admitted that William R. Addy died intestate as alleged; alleged that all claims for rents against him have been fully settled and adjudicated; that after the death of William R. Addy, Fanny F. Addy, his widow, insti-

tuted an action against him and his sureties upon supersedeas bond given in the case in Woods county, and was awarded judgment of $125, which became final and was paid, and thereby all claims for the use and occupancy of the land during the pendency of such appeal were satisfied.

Plaintiff further denies he is indebted to the estate of Fanny F. Addy, deceased, upon the two notes; and alleges that during the administration of the estate of William R. Addy, deceased, Charles M. Delzell, as administrator, instituted an action in the district court of Alfalfa county, against this plaintiff, upon said notes and for foreclosure of the real estate mortgage; that said action went to final judgment on June 5, 1916, in favor of this plaintiff; that an appeal was prosecuted to the Supreme Court, and the judgment affirmed, and is final and conclusive and all matters relative to such notes and mortgage became and are res adjudicata; that none of the matters alleged in the amended answer constitute a defense to the action of plaintiff, and none could be pleaded as a defense, counterclaim, or set-off to the petition of plaintiff.

Plaintiff further alleges that all matters and things set forth in the amended answer are fully barred by the statute of limitations, and if any cause of action ever existed thereon in favor of defendant and against plaintiff, the same is barred by the statute of limitations. Prayed that defendant recover nothing, and that he recover on each cause of action set forth in his petition.

Thereafter, a hearing was had in said cause before the court. Judgment rendered for the plaintiff. Motion for new trial was filed and overruled, and the defendants below bring the cause here for review.

The evidence in this case disclosed that Fanny F. Addy and William R. Addy were husband and wife, and that they were the owners of 160 acres of land and lived on the same as a homestead; that they entered into an agreement on the 15th day of June, 1903, to execute deeds to said property, the west half of said property to be deeded to Thomas E. Addy, and the east half to be deeded to Elida Buck; deeds to be held in escrow by Farmers' State Bank of Cleo, Okla., to be held until such time as the land shall be sold; when lands sold, to share equally in the division of the proceeds, except that Fannie F. Addy was to have $100 over and above her half; that both tracts must be sold at same time; the agreement to remain in force for one year; that said deeds were made and placed in escrow; that the deed to the land in question was executed by William R. Addy and Fanny F.

Addy on June 15, 1903, to Thomas E. Addy, and placed in escrow; that said deed was withdrawn by William R. Addy and recorded, and Thomas F. Addy and wife, on September 15, 1904, deeded said lands to Larkin S. Couch, plaintiff herein, for consideration for part cash consideration and balance in two notes of $350 each, due in one and two years; that plaintiff, Couch, went into possession and held same until repossessed by judgment of the court; that Fanny F. Addy commenced an action in the district court of Woods county against the plaintiff herein and William R. Addy, Thomas E. Addy, Bertha Addy, and Elida Buck for recovery of the property in question, and judgment was rendered therein giving her the use and occupancy of said property during her lifetime, which was affirmed by this court in the year 1913 (see Couch v. Addy, 35 Okla. 355, 129 Pac. 709), And Fanny F. Addy was put back into possession of said property; that, after the death of William R. Addy, the administrator of his estate, Charles M. Delzell, commenced an action against Helena State Bank for certain monies in said bank belonging to the estate of William R. Addy; that the plaintiff herein, Couch, filed interplea and such to secure the money as damages which he had sustained by reason of loss he had sustained as the result of the partial failure of the title. To this interplea, the plaintiff, Delzell, filed answer and cross-petition, in which he sought to recover the two notes of $350 each, and for foreclosure of the mortgage. Judgment was rendered for Delzell, as administrator, for the money in the bank.

Thereafter, Delzell, as administrator of the estate of William R. Addy, deceased, instituted suit in the district court of Alfalfa county against the plaintiff herein, Couch, on the two notes, and for foreclosure of mortgage, and sought to toll the statute of limitations by setting forth the proceedings which had been had in the case of Delzell, administrator, against the Helena State Bank. This case resulted in a judgment for defendant, Couch, and was affirmed by this court in 70 Okla. 124, 173 Pac. 361, on the grounds, among other things, that an original action on the notes was barred by the statute of limitations, and holding that, while a set-off barred by the statute of limitations may be legally pleaded as a set-off, an original action cannot, within one year after such set-off is pleaded, be maintained on such set-off, notwithstanding such set-off so pleaded is not disposed of upon its merits.

The record also discloses that Fanny F. Addy instituted a suit in the district court of Alfalfa county against the plaintiff, Couch, and the sureties on his supersedeas bond, in the case of Fanny F. Addy v. William R. Addy, in the district court of Woods county, which was the case decided by this court as found in Couch v. Addy, 35 Okla. 355, 129 Pac. 709, for rents from October, 1910, until the 13th day of March, 1913, during the time she was deprived of possession by reason of the appeal to this court. Judgment was rendered therein for Fanny F. Addy.

With reference to the question raised for rents, the plaintiff, Fanny F. Addy, in her suit against W. R. Addy et al., in Woods county, heretofore referred to, in which she was awarded judgment for possession of the land during her lifetime, prayed in her petition in that case for possession and for rents for the years Couch had held the land, but, in the judgment of the court in that case, the trial court did not render judgment for her for rents, but only for possession and for judgment for costs. 35 Okla. 355, 129 Pac. 709.

The plaintiff in error contends that the question of rents on the real estate in question, while the defendant Couch had possession thereof, was not barred by the statute of limitations, and not heretofore adjudicated.

With this contention we cannot agree. Fanny F. Addy filed her suit in Woods county for possession of this property under her right of homestead interest against defendant in error herein, Couch, and others, and also prayed for an accounting of the rents and profits therefrom, which action went to final judgment. The trial court rendered judgment for possession and for costs. The cause was appealed to this court and affirmed. Suit was filed on the supersedeas bond filed therein and recovery was had thereon. All matters with reference to the rents and profits were thereby adjudicated in these two final judgments.

The next contention of plaintiff in error is the error of the court in holding that the notes sued on in the counterclaim, which were a part of the purchase price of said lands, were barred by the statute of limitations, and were barred by reason of a judgment rendered in a suit on said notes in the district court of Alfalfa county.

There were two inconsistent remedies to pursue with reference to the collection of the notes in question, which were given as a part of the purchase price for the land in question:

1.  To hold possession of the lands, and when sued for possession to set up the notes by way of counterclaim or set-off.

2. To bring suit on the notes and for foreclosure.

The administrator of the estate of William R. Addy, husband of Fanny F. Abby, elected between the two remedies, and brought suit on the notes and for foreclosure of the real estate mortgage, which resulted in a judgment for defendant by reason of the notes and mortgage being barred by the statute of limitations, which was appealed to this court and affirmed and became final (70 Okla. 124, 173 Pac. 361).

The plaintiff in error's rights to the ownership of said notes was by reason of Fanny F. Addy, deceased, inheriting the same from the estate of her husband, W. R. Addy, deceased; we hold that the election of remedies by the administrator of the estate of William R. Addy, deceased, is a bar to the setting up of said notes as a counterclaim or set-off in the case at bar.

In the case of Brockhaus v. Rose, 94 Okla. 111, 221 Pac. 28, second paragraph of the syllabus, this court said:

"The institution of a suit on one of two inconsistent remedies and the prosecution of one to final judgment constitutes a bar to the institution or further prosecution of the other."

The general rule is that, where the law gives several means of redress or kinds of relief, predicated on conflicting theories, the election of one of them operates as a bar to the subsequent adoption of the others; and where a party has two inconsistent remedies, and elects one and pursues it to judgment with full knowledge of the facts, such election constitutes a bar to pursuing an alternative remedy. Storm v. Garnett, 99 Okla. 284, 227 Pac. 417; Citizens Bank v. Beeson, 104 Okla. 293, 231 Pac. 844.

After a review of the record in this case, and the law applicable thereto, we hold that the judgment of the trial court should be, and the same is hereby, affirmed.

LESTER, C. J., and RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON and SWINDALL, JJ., disqualified, not participating.