FERGUSON vs. PEDEN.

1. TITLE.  *Possession, evidence of:*
    Where one dies in actual possession of land, it is *prima facie* evidence that he was seized in fee.

2. ACKNOWLEDGMENT OF DEEDS.  *Official character of Clerks of another State need not be attested by Judge of Court.*

Ferguson vs. Peden.

The certificate of the clerk of a court of record of another State to the
acknowledgment of the execution of a deed, is admissible as evidence
without attestation of his official character by the judge of the court.
3.  EVIDENCE.  *Amendment of Deed by evidence on trial.*
A deed cannot be corrected by parol evidence on the trial, and then offered as
evidence of title to the land in controversy.
4  *Limitation.  Adverse possession.   Color of Title.*
A deed or color of title is not necessary to maintain the statute bar to the extent
of the actual adverse occupancy.

APPEAL from *Washington* Circuit Court.

Hon. S. W. PEEL, Special Judge.

*J. D. Walker*, for Appellant.

HARRISON, J.:

This was an action by Samuel J. Peden against James H.
Ferguson, for the recovery of the South-West quarter of the
North-West quarter of section thirty, in township sixteen,
North, of range thirty-three, West.

The complainant alleged that William C. Posten, died in-
testate, seized of the land, sometime prior to the year 1870,
leaving William S. Posten, John J. Posten and Jane Parks,
who had since intermarried with Thomas McAdams, his chil-
dren, his heirs at law. That John J. Posten, and Jane McAdams
and her husband, on the 29th day of October 1874, sold and
conveyed their interests in the land to the plaintiff; and Wil-
liam S. Posten, on the 15th day of November 1874, sold and
conveyed to him his interest in it; and that the defendant
unlawfully withheld from him the possession thereof, to
his damage, etc.

The defendant, in his answer, denied that the plaintiff had
title to the land; and, as to six acres thereof particularly
described, asserted and set up title in himself; alleging that
Jane McAdams, and her husband Thomas McAdams, on the
12th day of November 1866, sold and conveyed the tract men-
tioned in the complaint to James C. C. Patten, who, on said

day, entered into possession thereof, and enclosed with a substantial fence the said six acres ; and the same had been so enclosed from that time until the commencement of the suit.

And he denied that he was in possession of the other part of the tract, or withheld the same from the plaintiff.

The jury returned the following verdict : We the jury find the issues for the plaintiff ; that the land mentioned in the complaint belongs to him, and he is entitled to the possession of the same, and that the defendant unlawfully withholds the possession of the parcel of six acres, and we assess no damages.

The defendant moved for a new trial, which was refused.

The judgment, as entered, was that the plaintiff recover the land mentioned in the complaint, and his costs, etc.

The defendant appealed.

Upon the trial, the plaintiff was permitted to prove, to which the defendant excepted, that William C. Posten was, and had been for four or five years, in possession of the six acres at the time of his death ; which occurred in 1857 ; claiming it as his own, and exercising ownership over it.

As the plaintiff deduced his title from William C. Posten, the evidence was clearly admissible and proper. Proof that he died in possession of the land was *prima facie* evidence that he was seized in fee. *Carnall* v. *Wilson*, 21 Ark., 62 ; *Jacks* v. *Dyer, et al.*, 31 Ark., 334.

The defendant excepted also to his reading to the jury, after he had proven that the heirs of said Posten were his before mentioned children, the deeds from William S. Posten, and Jane McAdams and her husband ; because the acknowledgments of the grantors having been made, the one before the clerk of the District Court of McLennan County, and the other before the clerk of the District Court of Bosque County, in

the State of Texas, the certificates of which were under the clerk's official seal; his official character was not attested by the presiding judge of the county.

No such attestation was required. The statute, sec. 842, Gantt's Digest, is explicit and plain, and is as follows:

"In cases of acknowledgment or proof of deeds or conveyances of real estate taken within the United States or Territories thereof, when taken before any court or officer having a seal of office, such deed or conveyance shall be attested under such seal of office, and if such officer have no seal of office, then under the official signature of such officer."

Nothing is said of any further attestation.

The plaintiff also read the deed from John J. Posten, and it was proven that said John J. Posten was, at the time of the trial, which was on the 27th day of April 1877, only about twenty-four years of age.

The defendant produced a deed from Jane McAdams and her husband, to James C. C. Patten, executed on the 12th day of November 1866, for an adjacent tract of land; and offered to prove, by parol evidence, that it was the intention of the grantors to sell and include in the deed the six acres; and then to read it to the jury: and the refusal of the court to allow such proof, and the deed to be read, was the ground of another exception by the defendant, and of the motion for a new trial.

If such a mistake had happened, a court of equity might, no doubt, have relieved against it, if no right of an innocent purchaser, or other equity, had intervened; but a court of law possesses no such power. The deed was very properly rejected.

The defendant introduced James C. C. Patten, who testified that he purchased the parcel of six acres from Jane McAdams and her husband, on the 12th day of November 1866, and immediately took possession and enclosed it with a good, substan-

tial rail fence, and cultivated the same until the 14th day of February 1871; when he sold and conveyed it to A. S. Vandeventer, and delivered him possession.

He then read the deeds from Patten to Vandeventer; from Vandeventer to Trent, and from Trent to the defendant; and it was proven, that the six acres had been enclosed with a substantial fence, and cultivated from the time of Patten's entry; and that the defendant, and those under whom he claimed, had been notoriously, and with the knowledge of the plaintiff, in peaceable, adverse possession of the same, under a claim of right, continuously, from that time to the commencement of the suit.

The plaintiff, it was conceded, was, and had been ever since his purchase, in possession of the remainder of the tract.

The court instructed the jury, against the defendant's objection, that the time Patten was in possession of the land, should not be computed with the time of the possession of the defendant, and the other persons under whom he claimed; unless they found that he held under some written color of title.

This instruction was erroneous, and should not have been given.

In the case of *Mooney et al.* v. *Cooledge et al.*, 30 Ark., 656, the court, after remarking that if the occupancy in that case had been held under color of title, the occupancy of any part of the tract, for the required time would have conferred title to the limits of the grant, under color of which the entry was made, say: "But, in this case, the adverse possession cannot be said to be under color of title to this acre of land. No deed giving limits or boundaries to this spot was ever made; and when an entry is made, under such circumstances, the rule is that the possession reaches no further than there is an actual occupation by some defined certain limits, indicated by an enclosure, or something of a like notorious character." 3 Wash.

on Real Prop., 135–156 ; Willard on Real Estate, 355 ; Tyler on Eject. and Ad. Pos., 863 ; *Humbert* v. *Trinity Church*, 24 Wend., 604.

Justice Cowen, in delivering the opinion of the court in *Humbert* v. *Trinity Church*, said : " So long as a man is in possession of land, claiming title, however wrongfully, and with whatever degree of knowledge that he has no right, so long the real owner is out of possession, in a constructive as well as an actual sense. It is of the nature of the statute of limitation, when applied to civil actions, in effect, to mature a wrong into a right, by cutting off the remedy. To warrant its application in ejectment, the books require *color of title*, by deed or other documental semblance of right in the defendant, only when the defense is founded on a *constructive adverse possession*. But neither a deed nor any equivalent muniment is · necessary, where the possession is indicated by *actual occupation, and any other evidence of an adverse claim exists*. The muniment is but one circumstance by which to make out an adverse possession."

No notice seems to have been taken of the infancy of John J. Posten, during a part of the time of the adverse possession. Until he arrived of age, the statute of limitation did not commence running against him ; and it was not a bar to the plaintiff's right of recovery of the undivided share purchased of him.

The judgment should not have been entered for the whole tract ; but, inasmuch as the defendant set up no claim to any more than the six acres, it was not an error to his prejudice, or one of which he might complain.

Because of the error above shown, the motion for a new trial should have been sustained ; the judgment is therefore reversed, and the cause remanded that a new trial may be had.