### WEBB *et al.* v. LOGAN *et al.*

No. 4646. Opinion Filed June 22, 1915.

(150 Pac. 116.)

1. **LIMITATION OF ACTIONS—Demurrer Raising Objection.** The question as to whether the petition shows upon its face that the cause of acion set forth therein is barred by the statute of limitations may be raised by general demurrer.

2. **SAME—Notice of Fraud—Record of Deed.** The record of a deed is not notice to the grantor of the fraudulent inclusion therein of land other than that intended to be conveyed, so as to set the statute of limitations running against the grantor.

(Syllabus by Dudley, C.)

*Error from District Court, Choctaw County;
Summers Hardy, Judge.*

Action by Katie Logan and others against C. L. Webb and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Cooke & Willis,* for plaintiffs in error.

*M. W. Gross*, for defendants in error.

Opinion by DUDLEY, C. In September, 1911, the defendants in error, hereinafter referred to as the plaintiffs, commenced this action in the district court of Choctaw county, against the plaintiffs in error, hereinafter referred to as the defendants, to cancel and set aside a purported deed, executed by the plaintiffs to the defendants, on August 21, 1908, in so far as the same relates to the allotment of the plaintiff Katie Logan, and to recover possession of said premises, and for other relief. The issues were joined and the case tried, resulting in a judgment in favor of the plaintiffs, from which the defendants have appealed.

The only assignment of error urged is that the trial court erred in overruling the demurrer of the defendants to plaintiffs' petition, and the particular objection urged to the petition is that it shows, upon its face, that the cause of action is barred by the statute of limitations. The demurrer to the petition was a general one, and the plaintiffs insist that the question of the statute of limitations cannot be raised by general demurrer. In this they are in error, for this question has been definitely determined by this court in the case of *Martin et al. v. Gassert*, 40 Okla. 608, 139 Pac. 1141, wherein it was held:

"Where a petition on its face shows that the cause of action set out therein is barred by the statute of limitations, it is error not to sustain a general demurrer to such petition, or to overrule an objection to the introduction of any evidence under such petition."

Upon the authority of this case, and the cases therein cited, we hold that the question of the statute of limitations was properly raised by the general demurrer.

It is alleged, in substance, in plaintiffs' petition that the plaintiff Katie Logan is a Choctaw freedman, and as such the 40 acres of land in controversy was allotted to her; that, in addition to this, she had or claimed an interest in a portion of the allotment of Eda McDonald, deceased, and that the defendants agreed to pay her $30 for a quitclaim deed to her interest therein; that on August 21, 1908, she and her husband, the plaintiff Lawrence Logan, in consideration of the sum of $30 to be paid to them, executed to the defendants a quitclaim deed for her interest in the allotment of the said Eda McDonald; that, at the time this deed was executed, the defendants fraudulently and without the knowledge or consent of plaintiffs inserted therein the allotment of the plaintiff Katie Logan, consisting of 40 acres, in addition to the interest of the plaintiff in the allotment of the said Eda McDonald, deceased. The petition also alleges that the plaintiff Katie Logan could not read or write, and that, at the time the deed was executed, the same was not read over to her or in her presence, but that the defendants, through their agent, represented to her and her husband that the deed which she signed, signed by mark, was a quitclaim deed to her interests in the allotment of Eda McDonald; that she did not know nor have any knowledge that the deed included her own allotment; that she did not sell, nor intend to sell, the same to them, and she received no pay therefor. She relied upon the representations made to her at the time the deed was executed. A copy of the deed is attached to the petition, and it shows it was filed for record in the office of the register of deeds of Choctaw county on August 22, 1908, the day following its execution.

The defendants insist that since the copy of the deed attached to the petition as an exhibit shows that the same was filed for record on August 22, 1908, and in view of the fact that this action was not brought until September, 1911, more than three years after the recording of the deed, the petition upon its face shows the action is barred, on the theory that fraud was discovered when the deed was filed for record. The sole and only question presented, therefore, is whether or not the recording of the deed which fraudulently includes more land than the grantor intended to convey is constructive notice to the grantor of the fraud, sufficient to start the statute of limitations.

Since this is an action to set aside and cancel a deed, on account of fraud, it must be brought within two years after the discovery of the fraud, under subdivision 3, section 4657, Rev. Laws 1910, which provides:

"Within two years: * * * An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

Plaintiffs seek to quit title and obtain possession of the property in controversy, but the gist of the action is an action to set aside the deed on account of fraud, and the action must be brought within two years after discovery of the fraud. *New v. Smith,* 86 Kan. 1, 119 Pac. 380.

The case relied upon by defendants is the case of *Black v. Black,* 64 Kan. 689, 68 Pac. 662. This case is not in point, but states the correct rule of law applicable to the facts in that case. This case was cited with approval by this court in the case of *Board of County Com-*

*missioners of Garfield County v. Renshaw,* 23 Okla. 56, 99 Pac. 638, 22 L. R. A. (N. S.) 207, but the rule announced is not applicable here.

The Supreme Court of Kansas, in the case of *Hutto v. Knowlton et al.,* 82 Kan. 445, 108 Pac. 825, explains the rule announced in *Black v. Black, supra,* wherein it is said:

"In *Black v. Black* the fraud imputed related to the management, settlement, and distribution of the estate of a deceased person. The party charged was the administratrix. The law required her to make manifest her conduct by reports and accounts which were published upon the probate * * * records for the express purpose of affording information to parties interested. She made this record, concealing nothing and making no independent representations, and the court held it gave constructive notice to everybody concerned of what was done. The rule itself was admirably expressed, but the foundation of it was not so definitely stated, and may be said to consist in this: Where a public record is required by law to be kept as a source of information respecting property rights and interests, a duty rests upon any one to whom the information is material to improve with diligence the opportunity of learning that which the record discloses. It follows that, if the opportunity be neglected, the interested person will be bound to the same extent as if he had in fact examined the record. But the rule is no broader than its basis, and if for any reason no obligation exists to consult the record, or if the interested person be circumvented from taking advantage of his opportunity, the rule does not obtain."

The Supreme Court of Pennsylvania, in the case of *Davis et al. v. Monroe,* 187 Pa. 212, 41 Atl. 44, 67 Am. St. Rep. 581, discussing the identical question presented here, announces the rule as follows:

"The record of a deed is not notice to the grantor of the fraudulent inclusion therein of land which he continues to occupy, so as to set the statute of limitations running against him."

In the body of the opinion it is said:

"But as to any land not intended to be granted, and only included in the deed through fraud, defendant continued to hold by his former title, and the statute of limitations did not run against him until discovery, or such notice as put him upon inquiry  *  *  *  The record is notice only to those who are bound to search for it, including parties subsequently dealing with the land, or concerned with its title.  *  *  *  The recording of the deed is the act of the grantee, and in his interest. He may or may not put it on record for years, or at all. The grantor is under no obligation to see to its recording or to examine the terms thereof."

The following cases support the rule in principle as announced by the Supreme Court of Pennsylvania: *Modlin v. Roanoke Railroad & Navigation Co.*, 145 N. C. 218, 56 S. E. 1075; *American Freehold Land Mtg. Co. v. Pace et al.*, 23 Tex. Civ. App. 222, 56 S. W. 377.

The plaintiff knew, as a matter of fact, that she had not conveyed her individual allotment to the defendants by the deed in controversy. They represented to her that it covered only the interest in the allotment of Eda McDonald. She relied upon this, and it was not her duty to search the record to see if a fraud had been practiced upon her. It was not her duty to record the deed or see that it was recorded. The Supreme Court of Kansas, in the case of *Hutto v. Knowlton, supra,* supports this rule, in substance, wherein it is said:

"Likewise, if a party be prevented by fraud from availing himself of the benefit of the record, or be led by

such means to forego an investigation of the record, no one participating in the fraud can insist upon the enforcement of the duty to do so."

To hold that the recording of deeds of this character would be constructive notice to the grantor and start the statute of limitations would work a great injustice in this state, and, to our minds, would put a premium upon dishonesty and rascality in land transactions. But few owners consult the record to ascertain the condition of their title. If the rule invoked by defendants is correct, if one should make a deed to a certain tract of land, and in addition to this there should be fraudulently included therein another tract, and the grantor should fail for more than two years after the recording of the deed to search the record to ascertain what really was included in the deed, his right of action to set aside the deed, in so far as it affected the land fraudulently included therein, would be barred, and he would have no relief. Such principle of law is not sound, and to countenance it would be an injustice. We therefore conclude that the recording of this deed, which fraudulently included more land than was intended to be conveyed, is not notice to the grantor of the fraud.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.