### BRANT v. BRANKLE.

No. 10105—Opinion Filed June 7, 1921.

(Syllabus.)

1. **Limitation of Actions — Relief from Fraud.**
Under the third subdivision of section 4657, Rev. Laws 1910, an action for relief on the ground of fraud can only be brought within two years after the discovery of the fraud.

2. **Same — Raising Objection by Objecting to Introduction of Evidence.**
The question as to whether the petition shows upon its face that the cause of action set forth therein is barred by the statute of limitations may be raised by an objection to the introduction of evidence on that ground.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by William T. Brant against Frank J. Brankle for money obtained by fraud. Judgment for defendant, and plaintiff brings error. Affirmed.

R. H. Nichols and S. M. Smith, for plaintiff in error.

Chas Swindall, for defendant in error.

NICHOLSON, J. On the 17th day of August, 1917, the plaintiff in error, as plaintiff below, brought this action against the defendant in error in the district court of Woodward county, seeking to recover the sum of $150, with interest thereon from the 14th day of August, 1911, and the further sum of $50 attorney's fee, which sum of $150, plaintiff alleges, was obtained from him by the defendant by fraud in the sale of an interest in certain real estate. On the trial, the defendant objected to the introduction of any evidence in support of the allegations of the petition for the reason that the petition showed that said action was barred by the statute of limitations. This objection was sustained and judgment rendered for the defendant.

The petition alleged, in substance, that the false and fraudulent representations were made on August 14, 1911, and the sum of $150 obtained by said false and fraudulent representations on that day; that said plaintiff did not discover said fraud for more than three years after he paid defendant said sum, and that upon discovering the fraud, the date of which, however, he could not give, he notified the defendant thereof and demanded that the defendant refund said money. To this petition the defendant filed demurrer on the ground that it appeared upon the face of said petition that plaintiff's cause of action was barred by the statute of limitations. This demurrer was by the court, Judge James B. Cullison presiding, overruled. Thereupon, the defendant filed answer, consisting of a general denial and pleading the two-, three-, and five-year statutes of limitations.

The plaintiff has served and filed his brief in accordance with the rules of this court, and the defendant has neither filed a brief nor offered any excuse for such failure, and under the well-established rule in this jurisdiction, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, when the authorities cited in the brief filed appear reason-

ably to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition. But in this case the authorities cited in the brief of the plaintiff in error do not sustain the assignments of error.

This is clearly an action for relief on the ground of fraud, and must have been brought within two years after the discovery of the fraud, under subdivision 3 of section 4657, Rev. Laws 1910, which provides:

"Within two years: * * *an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The petition on its face shows that the plaintiff did not discover the infirmities in the deed for more than three years after he had accepted it and paid the defendant the sum of $150. While it is not shown how much more than three years had elapsed before he discovered the fraud, it must be held under the language of said petition that it was more than three years and less than four years, and if it had been four years, plaintiff's cause of action was barred, as this action was commenced six years and three days after the transaction complained of.

The question as to whether the petition shows upon its face that the cause of action set forth therein is barred by the statute of limitations, may be raised by general demurrer. Webb et al. v. Logan et al., 48 Okla. 354, 150 Pac. 116; Delzell v. Couch, 70 Oklahoma,173 Pac. 361. And an objection to the introduction of evidence on the ground that the petition fails to state facts sufficient to constitute a cause of action presents the same question that would have been raised by a general demurrer. Pappe v. Post, 23 Okla. 581, 101 Pac. 1055.

The petition showing upon its face that the plaintiff's cause of action was barred by the statute of limitations, the judgment of the trial court is correct, and is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.