## FABRIC FIRE HOSE CO. v. TOWN of AFTON.
### (BYRD and HUKILL, Interveners).

No. 14263—Opinion Filed Oct. 23, 1923.

(Syllabus.)

1. **Limitation of Actions—Action to Collect Municipal Warrant—Pleading and Proof.**

Ordinarily, the statute of limitations runs in favor of or against towns and cities in the same manner as it does in favor of or against individuals in matters involving private rights, but when warrants are issued by the officers of a municipal corporation to a creditor, who accepts the same relying on the ordinary modes of taxation

to pay such warrants, the corporation cannot be heard to say, in an action to enforce the payment thereof, that the same are barred by the statute of limitations, without first pleading and proving that it has provided a fund for the payment of such indebtedness, unless such allegations and proof are rendered unnecessary by the allegations of the petition.

### 2. Same—Accrual of Course of Action—Warrant on Special Fund.

Where, in an action to recover on warrants issued by the officers of a municipal corporation, it appears on the face of the petition that such warrants were not drawn upon a fund created by taxation, and that the plaintiff did not accept the warrants relying upon the ordinary modes of taxation for their payment, but that such warrants were drawn on a special fund created by the issuance and sale of bonds of the municipality, and that plaintiff relied upon the funds thus created for the payment of the warrants, and such funds were exhausted when the warrants were presented for payment, held, that such facts show that plaintiff's cause of action accrued on the day payment was refused, and as plaintiff's action was not begun within five years after the cause of action accrued, the same was barred by the first paragraph of section 185, Comp. Stats. 1921.

### 3. Same—Petition—General Demurrer.

The question as to whether the petition shows upon its face that the cause of action set forth therein is barred by the statute of limitations may be raised by a general demurrer.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by the Fabric Fire Hose Company of New York, a corporation, against the Town of Afton and others. Judgment for defendants, and plaintiff appeals. Affirmed.

C. P. Fillebrown and Jno. J. Hubbard, for plaintiff in error.

Vern E. Thompson and N. C. Barry, for defendants in error.

NICHOLSON, J. On the 12th day of September, 1922, the plaintiff in error instituted this action against the defendant in error, by filing in the district court of Ottawa county a petition, the pertinent allegations of which are as follows:

"That on the 7th day of December, 1908, the plaintiff, by and through its agent, H. H. Alvis, entered into a contract with the defendant, by and through the president of the board of trustees and the town clerk of said town of Afton, thereunto duly authorized by the board of trustees of said town, whereby the plaintiff agreed

to sell to the defendant, and the defendant agreed to purchase from the plaintiff, certain goods, wares and merchandise, of the description and for the price as follows, to wit: 1,500 feet of Columbia brand fire hose, at 90 cents per foot, amounting to the sum of $1,350, and three No. 5 (500 foot capacity) hose reels, at $80 each, amounting to $240; and six play pipes at $10 each, amounting to $60, and three shut-off nozzles at $12.50 each, amounting to $37.50; the total value of the goods, wares and merchandise so sold by the plaintiff to the defendant aggregating the sum of $1,687.50.

"That at the time of the execution of said contract the said town of Afton was preparing to issue its negotiable coupon bonds to the amount of $30,000 for the purpose of establishing a municipal water-works system in and for said town and for the purpose of providing said town with adequate protection against fire, and that the goods, wares and merchandise purchased by said defendant from this plaintiff were ordered as a part of such municipal water-works system; and said contract was made contingent upon the issuance of said bonds and the receipt by said town of the proceeds of the sale of such bonds. A copy of said contract is hereto attached, marked 'Exhibit A,' and made a part of this petition.

"That thereafter, at a special election called for the purpose, and held on the 23d day of February, 1909, pursuant to ordinance No. 90, passed by the board of trustees of said town of Afton on the 25th day of January, 1909, said town of Afton was authorized by the duly qualified electors of said town to issue its negotiable coupon bonds in the amount of $30,000 for the purpose of establishing a municipal water-works system in and for said town and for the purpose of providing said town with adequate protection against fire; and thereafter, pursuant to said ordinance No. 90 and to said special election, and to ordinance No. 91, passed by the board of trustees of said town of Afton on the 19th day of April, 1909, such bonds were duly issued in said amount of $30,000.

"That on or about the ___ day of May, 1909, said bonds were sold and the proceeds thereof were paid into the treasury of said town, as a special fund, for the purpose of establishing a municipal water-works system in said town, of which water-works system the merchandise and supplies purchased by said defendant from this plaintiff constituted a part.

"That on or about the 24th day of May, 1909, the said town of Afton, by and through its board of trustees, ratified and confirmed the contract hereinbefore mentioned, and directed this plaintiff to forward said merchandise and supplies and ap-

pliances in accordance with the terms of said contract.

"That on or about the ____ day of June, 1909, in accordance with said contract, and as directed by the defendant, the plaintiff shipped all the goods, wares, merchandise and appliances, as set forth in said contract, to the defendant, and said goods, wares, merchandise and appliances were duly delivered to, and received and accepted by the defendant as a part of its municipal water-works system.

"That on or about the 10th day of November, 1909, the plaintiff presented to and filed with the town clerk of the defendant, the town of Afton, its duly verified statement of account for the goods, wares, merchandise and appliances so sold and delivered as aforesaid; that this plaintiff did not retain a copy of said verified account, and is unable to attach a copy of the same to this petition. That on the 8th day of February, 1910, the claim of the plaintiff was duly allowed by the board of trustees of said town of Afton, and there was issued to said plaintiff, in payment of said claim, the warrant of said town, numbered 105, for the sum of $1,447.50, and also the warrant of said town, numbered 106, for the sum of $240. Copies of said warrants numbered 105 and 106, are hereto attached, marked, respectively, 'Exhibit B' and 'Exhibit C,' and made a part of this petition.

"That at the time this plaintiff was instructed to forward and deliver said goods, wares, merchandise and appliances, and at the time the same were received and accepted by the defendant, there was in the treasury of said town a sum of money more than sufficient to pay for said goods, wares, merchandise and appliances, over and above all claims prior and superior to the claim of this plaintiff, said funds being the proceeds of the sale of the bonds of the defendant issued for that purpose as hereinbefore set forth:

"That prior to the 10th day of November, 1909, when this plaintiff filed its claim with the town clerk of said town, the board of trustees of said town of Afton had wrongfully and unlawfully diverted a portion of the proceeds of the sale of said bonds, in an amount exceeding the claim of this plaintiff, and including the funds that should have been applied to the payment of this plaintiff's claim, and had expended the same in installing an electric lighting system in said town, in connection with its water-works system; that the use of the proceeds of the sale of said bonds for the purchase and establishment of such electric lighting system was not authorized by the voters of said town at the special election at which the issuance of said bonds was authorized; and that at the time the claim of this plaintiff for the goods, wares, merchandise and appliances so sold to said

town of Afton as aforesaid, was filed with the town clerk of said town, all the funds derived from the proceeds of the sale of such bonds had been expended, and said town had no funds available to pay the claim of this plaintiff.

"That on account of the wrongful and unlawful diversion of the funds provided for the payment of the claim of this plaintiff, and the use of such funds for the purpose of establishing an electric lighting system in said town, the said defendant, the town of Afton, has not, at any time since the claim of this plaintiff was filed with the town clerk of said town, had or provided any fund from which said claim could be paid; that no fund has been provided by said town for the payment of the warrants issued in payment of its claim; and that said claim is a just, valid, legal and existing claim against said town, and that said indebtedness was not contracted in violation of any statutory or constitutional limitation, and is wholly due and unpaid"—and prayed judgment for the sum of $1,-687.50, with interest thereon at the rate of 6 per cent. per annum from the 10th day of November, 1909.

Copies of the warrants attached to the petition show that they were dated in February, 1910, one being payable on October 24, 1910, and the other on December 9, 1910, out of the contingent and supply fund of the town.

To this petition, the town of Afton filed a general demurrer, and W. E. Byrd and J. T. Hukill, resident taxpayers of the town, intervened and filed a demurrer on the ground that the petition on its face showed that plaintiffs cause of action was barred by the statute of limitations. These demurrers were by the court sustained, and the action dismissed at plaintiff's cost. From this judgment the plaintiff has appealed.

As we view the case, it is necessary to consider only the question of whether or not the petition shows on its face that plaintiff's cause of action is barred by the statute of limitations.

The general rule is that the statute of limitations runs in favor of or against towns and cities in the same manner as it does in favor of or against individuals, in matters involving private rights. Wood on Limitations, sec. 53, 53 A. But, when warrants are issued by the officers of a municipal corporation to a creditor who accepts the same, relying on the ordinary modes of taxation to pay such warrants, the corporation cannot be heard to say, in an action to enforce the payment thereof, that they are barred by the statute of limitations,

without first pleading and proving that it has provided a fund for the payment of such indebtedness. Board of County Commissioners v. Clarke & Courts, 12 Okla. 197, 70 Pac. 212; Robertson v. Blaine County, 90 Fed. 63, 47 L. R. A. (N. S.) 478; Barnes v. Turner, 14 Okla. 284, 78 Pac. 108; City of Sulphur v. State ex rel. Lankford, 62 Okla. 312, 162 Pac. 744. However, the allegations of the petition may be such as to render such allegation and proof unnecessary.

It appears from the face of the petition that in February, 1909, at an election held for that purpose, the electors of the town of Afton voted a bond issue in the sum of $30,000, for the purpose of establishing a water-works system in and for said town, and for the purpose of providing said town with adequate protection against fire, that said bonds were duly issued and in May, 1909, were sold and the proceeds thereof paid into the treasury of the town as a special fund for the purpose of establishing a municipal water-works system, of which the merchandise and supplies purchased of the plaintiff, and for which the warrants sued upon were issued, constituted a part; that in June, 1909, the plaintiff delivered said merchandise to the town and on or about November 10, 1909, presented to and filed with the town clerk its claim for the amount due therefor; that said claim was duly allowed, and on February 8, 1910, warrant No. 105, for the sum of $1,447.50, payable on October 24, 1910, and warrant No. 106, for the sum of $240, payable on December 9, 1910, drawn on the contingent and supply fund of the town, were issued and delivered to the plaintiff; on October 25, 1910, these warrants were presented for payment, but not paid.

It further appears that at the time said goods were delivered to the defendant, there was in the treasury of said town funds derived from the sale of said bonds sufficient to pay for said supplies, but that prior to the time plaintiff filed its claim therefor the trustees of said town had diverted a portion of the proceeds derived from the sale of said bonds, and had expended the same in installing an electric lighting system in said town in connection with said water-works system, and at said time, and at the time of issuing said warrants, all funds derived from the sale of said bonds had been expended, and there were no funds available to pay the claim of the plaintiff.

In our opinion, the petition shows on its face that the warrants sued upon were not issued by the defendant upon a fund created by taxation, and that the plaintiff did not accept the warrants relying upon the ordinary modes of taxation for their payment, but, to the contrary, facts are pleaded which show that the warrants were drawn on a special fund created by the issuance and sale of bonds of the municipality, and that the plaintiff relied upon the funds thus created to pay the obligation. As these funds were exhausted when the warrants were presented for payment, plaintiff's cause of action accrued at that time, and inasmuch as this action was not begun within five years after the cause of action accrued, the same was barred by the first paragraph of section 185, Comp. Stat. 1921.

It appearing on the face of the petition that plaintiff's cause of action was barred, that question was properly presented by a general demurrer. Webb v. Logan, 48 Okla. 354, 150 Pac. 116; Delzell v. Couch, 70 Oklahoma, 173 Pac. 361; Brant v. Brankle, 82 Okla. 144, 198 Pac. 844.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, COCHRAN, and MASON, JJ., concur.