ADAMS v. HOSKINS et al.

No. 14546—Opinion Filed Dec. 18, 1923.

(Syllabus.)

1. **Indians—Creek Allotments—Restrictions on Alienation.**

By the provisions of section 4 of the Original Creek Treaty (31 Stat. at L. 861), the lands allotted to a minor Creek freedman could not be sold during his minority, and by the provisions of section 16 of the Supplemental Creek Treaty, approved August 8, 1902 (32 Stat. at L. 500), lands allotted to citizens of the Creek Nation could not be alienated by the allottee or his heirs before the expiration of five years from the date of the approval of such treaty.

2. **Same—Allottees Not of Indian Blood—Removal of Restrictions.**

By the provisions of the act of Congress of April 21, 1904 (33 Stat. at L. 189), all the restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood, except minors, were, except as to homesteads, removed.

3. **Indians—Removal of Restrictions—Deed Pursuant to Prior Contract.**

By the provisions of section 19 of the act of Congress of April 26, 1906 (34 Stat. at L. 137), every deed executed before, or for the making of which a contract or agreement was entered into before, the removal of restrictions was declared void.

4. **Pleading — Petition — Admission by Demurrer.**

A demurrer to a petition admits every material fact properly stated in the petition.

5. **Indians — Action to Recover Lands—Invalidity of Deed—Sufficiency of Petition.**

Where, in an action by the heir of a deceased Creek freedman to recover her interest in the lands allotted to such freedman, it is alleged that such freedman, on October 29, 1907, the day he arrived at his majority, and pursuant to an agreement so to do made before removal of restrictions, executed to the defendants a deed to his allotted lands, and that said deed was made in ratification of deeds executed before the removal of restrictions and pursuant to agreement so to do, made before removal of restrictions, and for the same consideration for which said prior deeds were made, held, that such petition states facts sufficient to constitute a cause of action, and the trial court erred in sustaining a demurrer thereto.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Cora Adams against Annetta Hoskins and Bertie DeSteigeur. From an order sustaining a demurrer to plaintiff's petition, and judgment in favor of defendants.

plaintiff has appealed. Reversed and remanded, with directions.

James M. Hays, for plaintiff in error.

E. T. Noble and S. L. O'Bannon, for defendants in error.

NICHOLSON, J. This was an action by Cora Adams, as plaintiff, against Annetta Hoskins and Bertie DeSteigeur, as defendants, to recover the possession of, and quiet the title to, certain land situated in Okmulgee county, and for rents and profits accruing from said land.

The allegations of the petition are, in substance, that the land involved was allotted to one March Coleman, a citizen of the Creek Nation enrolled on the freedman rolls, and that he and the plaintiff were married on the 8th day of December, 1908; that March Coleman died intestate on December 7, 1909, age 22 years, and at the time of his death was the owner of the legal and equitable title in and to said land; that he left surviving him as his sole heirs at law, the plaintiff, his wife, and Dollie Steadham, his mother, and upon his death the title to said lands passed to said plaintiff and Dollie Steadham in equal moieties, and that they became the owners of the legal and equitable title thereto; that on the 4th day of February, 1916, said Dollie Steadham sold and conveyed her interest in said land to the defendants, and that they are now in possession of said land claiming the whole title thereto; that the defendants have been in possession of said lands for five years last past, and that the fair rental value of said land was the sum of $300 per annum; and prayed judgment for the possession of said land and for damages in the sum of $750 for the use thereof.

For a second cause of action, after repleading many of the allegations above set out, it was alleged that March Coleman was born on the 29th day of October, 1886, and did not attain his majority until the 29th day of October, 1907; that on the 9th day of September, 1905, while a minor, he made and executed what purported to be a warranty deed conveying said land to W. E. Wood and J. G. Eldred for a consideration of one dollar; that on the 16th day of September, 1905, while still a minor, he executed a deed of conveyance to L. DeSteigeur for a consideration of the sum of $2,040; that on the 25th day of September, 1905, Wood and Eldred conveyed said land by quitclaim deed to Martin E. Mosier; that on the 2nd day of November, 1905, said March Coleman, while still a minor, executed what purported to be a warranty deed conveying said land to L. DeSteigeur for a consideration of $1,-040; that on February 22, 1907, L. DeSteig-

eur and wife, Harley H. Hoskins and wife, and Rodolph DeSteigeur and wife conveyed said land to the DeSteigeur Investment Company; that on the 28th day of February, 1907, said March Coleman, while still a minor, executed a purported warranty deed to the DeSteigeur Investment Company conveying said land for a recited consideration of the sum of $2,200. It is also alleged:

"The plaintiff says that thereafter and on the 29th day of October, 1907, the day and date on which the said March Coleman attained his majority, and pursuant to agreement so to do made before removal of restrictions, he made and executed another deed to the said DeSteigeur Investment Company, covering said land for the purported consideration of two thousand and forty dollars ($2 040), a copy of which deed is hereto attached, made a part hereof and marked 'Exhibit I.'"

After alleging that the various deeds mentioned in said petition, copies of which are attached thereto as exhibits, are void, it is alleged:

"The plaintiff says that the deed 'Exhibit I,' dated October 29, 1907, the day on which the said March Coleman attained his majority, was and is void for the reason that same was made in ratification of the deed dated February 28, 1907, and in ratification of the aforesaid deeds, 'Exhibit D' and 'Exhibit F,' and pursuant to agreement made before restrictions were removed, and for the same consideration for which each of said deeds was made and executed and was made in violation of the statute relating to such conveyances.

"The plaintiff says that the defendants, recognizing the rights and title of the plaintiff and the said Dollie Steadham as the heirs of the said March Coleman, aforesaid, purchased the interest of the said Dollie Steadham, at different times having attempted to purchase the rights of this plaintiff in and to said property.

"The plaintiff says that on the 4th day of February, 1916, the said Dollie Steadham sold and conveyed her interest in and to the said property to the defendants, Annetta Hoskins and Bertie DeSteigeur, and that they are now in possession of said land claiming the whole title thereto."

The prayer was for judgment quieting title to the undivided one-half interest in said land, for possession thereof, and for damages in the sum of $750.

To this petition the defendants interposed a general demurrer, which was by the court sustained. Plaintiff elected to stand upon her petition, whereupon judgment was rendered in favor of the defendants, from which the plaintiff has appealed.

In determining whether or not the petition is vulnerable to a demurrer, it is necessary to determine whether the facts pleaded therein show that the conveyances mentioned, particularly the deed of October 29, 1907, were made in violation of the acts of Congress, and whether such petition shows on its face that plaintiff's cause of action is barred by the statute of limitations.

By section 4 of the Original Creek Treaty (31 Stat. at L. 861) it was provided: "Allotment for any minor may be selected by his father, mother or guardian in the order named, and shall not be sold during his minority." It was under this treaty that the land involved was allotted to March Coleman, and under such provision the land was inalienable during his minority.

By the provisions of section 16 of the Supplemental Creek Treaty (32 Stat. at L. 500) lands allotted to citizens of such nation could not be alienated by the allottee or his heirs before the expiration of five years from the date of the approval of such treaty, and any agreement or conveyance of any kind or character violative of any of the provisions of said section was absolutely void, and not susceptible of ratification in any manner, and no rule of estoppel should ever prevent the assertion of its invalidity. This treaty was approved on August 8, 1902, therefore, the restrictions imposed thereby expired five years from that date.

It is alleged in the petition that March Coleman was born on the 29th day of October, 1886, and reached his majority on October 29, 1907. This allegation of fact is admitted by the demurrer. It is obvious that all the deeds executed by him prior to October 29, 1907, were made during his minority, and were void under the foregoing treaty provisions. Stevens v. Elliott, 30 Okla. 41, 118 Pac. 407; Tirey v. Darneal, 37 Okla. 606, 133 Pac. 614; Gill et al. v. Haggerty et al., 32 Okla. 407, 122 Pac. 641; Collins Inv. Co. v. Beard, 46 Okla. 310, 148 Pac. 846; Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334; Alfrey et al. v. Colbert, 168 Fed. 231.

It is insisted by the defendants that, even though March Coleman was a minor at the time of the execution of said deeds, the deed of October 29, 1907, to DeSteigeur Investment Company, was made after he had attained his majority, and is valid, and operated to convey the title to the land involved. This contention is based on the act of Congress of April 21, 1904 (33 Stat. at L. 189), which provides:

"* * * And all the restrictions upon the alienation of lands of all the allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood, except minors, are, except as to homesteads, hereby removed."

Under this provision, restrictions upon the alienation of the land involved were removed upon March Coleman attaining his majority (Smith v. Bell, 44 Okla. 370, 144 Pac. 1056; United States v. Shock, 187 Fed. 862); and he could have conveyed such land to whomsoever he chose for such consideration as he saw fit, were it not for section 19 of the act of Congress of April 26, 1906 (34 Stat. at L. 137), which provides:

"* * * And every deed executed before, or for the making of which a contract or agreement was entered into before, the removal of restrictions be and the same is hereby declared void."

It is alleged in the petition that the deed of October 29, 1907, was executed on the day on which March Coleman attained his majority and pursuant to an agreement so to do made before the removal of restrictions, and was made in ratification of the deeds executed during his minority, before the restrictions upon alienation were removed, and for the same consideration for which said former deeds were made.

The demurrer admits every material fact properly stated in the petition (E. C. Sharp Lumber Co. v. Kansas Ice Company. 43 Okla. 689, 142 Pac. 1016), and as the facts relating to the execution of such deed are sufficiently pleaded, they are admitted by the demurrer. So, it becomes necessary to determine whether such deed, under the facts pleaded, is void.

By the provisions of section 4 of the Original Creek Treaty, supra, the land could not be sold during the minority of the allottee, and the restriction thus imposed was not removed by the act of Congress of April 24, 1904, for that act expressly excepted minors from its operation. While it has been said that by this act, all restrictions other than that of minority were removed (McKeever v. Carter, 53 Okla. 360, 157 Pac. 56), nevertheless, the restriction imposed by the treaty was more than the mere personal disability of minority. It was a restriction running with the land, and prohibited its sale, not only by the minor, but by his guardian or curator. The restriction expired only upon the allottee attaining his majority. Before March Coleman attained his majority, the act of Congress of April 26, 1906, supra, intervened, by the terms of which every deed executed before, or for the making of which a contract or agreement was entered into before, the removal of restrictions was declared void. The effect of this act was to impose an added restriction, preventing the allottee from ratifying a conveyance made by him

during his minority, or from alienating his land in furtherance of a contract or agreement made in violation of the treaty.

It might be suggested that a deed is not a contract, and this act does not in terms prohibit the ratification of a deed executed before the removal of restrictions, but merely prohibits the allottee from conveying his land in compliance with a contract of agreement so to do, entered into before the removal of restrictions; but by this act, Congress declared a deed executed before the restrictions upon alienation were removed, void, and it was unnecessary to in terms prohibit its ratification, for a void deed is not susceptible of ratification. Capps v. Hensley, 23 Okla. 311, 100 Pac. 515; Cosden Oil & Gas Co. v. Hendrickson et al., 96 Okla. 266, 221 Pac. 86; Burch v. Cole, decided by the Supreme Court of the United States, 44 Supt. Ct. 101, 68 L. Ed. —.

Doubtless, it was the intention of Congress to protect the minor against his own improvidence and throw around him all possible safeguards to ward off encroachment upon his property rights that might otherwise result from his inexperience and ignorance of values.

If, as alleged, the deed of October 29, 1907, was made for the purpose of ratifying the prior void deed and for the purpose of carrying out an agreement or contract made prior to the removal of the restriction imposed, it was void.

The cases of McKeever v. Carter et al., supra, Smith v. Bell, supra, Lewis v. Allen et al., 42 Okla. 584, 142 Pac. 34, and like cases cited and relied upon by the defendants, do not sustain their contention, as in those cases the deeds were executed subsequent to the taking effect of the act of Congress of May 27, 1908 (35 Stat. at L. 312), which was a revising act superseding all former legislation relative to restrictions upon alienation of lands allotted to members of the Five Civilized Tribes, and operated as a repeal of the act of April 26, 1906, supra. Williams v. Diesel et al., 65 Okla. 163, 165 Pac. 187. This act contains no such language as found in section 19 of the act of April 26, 1906, but simply provides that any attempted alienation or incumbrance by deed, mortgage, contract to sell, power of attorney, or other instrument or method of incumbering real estate, made before or after the approval of the act, which affects the title to the land allotted to allottees of the Five Civilized Tribes prior to the removal of restrictions therefrom, should be absolutely null and void. There is no prohibition against conveying after restrictions were removed by said act

and the cases cited so hold, but this act has no application here, because the conveyance here involved was made prior to its enactment. However, we do not want to be understood as saying that March Coleman could not, upon attaining his majority, have conveyed his land to any one he chose for any consideration he desired, so long as such conveyance was not made in ratification of prior void deeds, or in furtherance of a contract entered into before the removal of restrictions.

This brings us to a consideration of the question of whether or not the petition shows upon its face that plaintiff's cause of action is barred by the statute of limitations. If it does so show, the demurrer was properly sustained. Delzell v. Couch, 70 Oklahoma, 173 Pac. 361; Webb v. Logan, 48 Okla. 354, 150 Pac. 116; Brant v. Brankle, 82 Okla. 144, 198 Pac. 844; Fabric Fire Hose Co. v. Town of Afton et al., 95 Okla. 298, 219 Pac. 680.

The defendants contend that, inasmuch as the deed in question was executed when the statutes of the state of Arkansas were in force in the Indian Territory, where the lands in question were situated, the statute of limitations applicable thereto is section 4471, Mansfield's Digest of the Statutes of Arkansas, which provides that all suits either in law or equity, for the recovery of any lands, tenements or hereditaments shall be had and sued within seven years next after title or cause of action accrued, and no time after said seven years have past, and cite in support of this proposition Harris v. Grayson, 90 Okla. 147, 216 Pac. 446, in this court, the opinion in which was handed down on December 19, 1922; Patterson v. Rousney, 58 Okla. 185, 158 Pac. 636, and Maine et al. v. Edmonds, 58 Okla. 645, 150 Pac. 483.

In Harris v. Grayson, supra, the opinion cited was withdrawn and the case decided on grounds which eliminated the question of the statute of limitations, so that case cannot be considered as authority here. The other two cases cited are purely personal action. But, conceding that the statute of the state of Arkansas was applicable, and that when such statute was set in operation it continued to run after the admission of this state into the Union, and that an action not brought within the time therein provided is barred, does the petition show on its face that this statute was set in operation?

The allegations of the petition are that March Coleman died intestate on December 7, 1909, seized of said land; that on the 4th day of February 1916, Doilie Steedham, the

mother of March Coleman, sold and conveyed her interest in said land to the defendants, and that the defendants have been in the actual possession of said land claiming the same adverse to the rights of the plaintiff since said time. There is no allegation showing that the defendants were in possession prior thereto, and we cannot read such an allegation into the petition. True, the deed under which the defendants claim bears date October 29, 1907, but it is not alleged that they went into possession at that time or at any other time prior to February 4, 1916, or that they ever went into possession under the deed of October 29, 1907. It seems to us that the most reasonable inference to be drawn from the facts alleged is that, upon acquiring the deed from Dollie Steadham, the defendants took possession of the whole estate thereunder. For aught the petition shows, the plaintiff may have been in actual possession of the land until that time. So we must treat the cause of action as having accrued on February 4, 1916, unless, as contended by defendants, such cause of action accrued on the 29th day of October, 1907, the date of the deed from Coleman to the DeSteigeur Investment Company. In support of their contention in this regard the defendants cite Ashley v. Rector. 20 Ark. 359; Logan et al. v. Jelks, 34 Ark. 547, and Ferguson v. Peden, 33 Ark. 150.

In Ashley v. Rector, supra, the court held that when several persons were tenants in common of a tract of land, and one of them purchased the land of the government, taking the title in his own name, and for more than ten years he and those claiming under him held the land openly and adversely, doing repeated public and notorious acts hostile to the rights of his cotenants, they were barred by limitation.

In Logan et al. v. Jelks, supra, it was held that even though a patent from the United States was void, it might be used to give color of title and fix the limits of possession, and a continuous adverse possession under it, or without any color at all, when the limits of possession may be shown for a period of seven years, against parties whose rights are not saved, will create a title which may be used to maintain an action in ejectment; and in Ferguson v. Peden, supra, it is held that a deed or color of title was not necessary to maintain a statute bar to the extent of the actual adverse occupancy. These cases, as well as Jacks v. Chaffin et al., 34 Ark. 534, and like cases, are based upon facts showing actual adverse possession for the prescribed period. While it has been said that:

"So long as a man is in possession of land, claiming title, however wrongfully, and with whatever degree of knowledge that he has no right, so long the real owner is out of possession, in a constructive as well as an actual sense. It is of the nature of the statute of limitations, when applied to civil actions, in effect, to mature a wrong into a right, by cutting off the remedy. To warrant its application in ejectment, the books require color of title, by deed or other documental semblance of right in the defendant, only when the defense is founded on a constructive possession. But neither a deed nor any equivalent muniment is necessary, where the possession is indicated by actual occupation, and any other evidence of an adverse claim exists. The muniment is but one circumstance by which to make out an adverse possession"

—the question of constructive possession is not presented by the allegations of the petition, and we refrain from a discussion of that question.

We conclude that the petition shows on its face that the deed of October 29, 1907, was void, and that such petition does not show on its face that plaintiff's cause of action is barred by the statute of limitations, and that the trial court erred in sustaining the demurrer thereto.

Therefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer.

JOHNSON, C. J., and McNEILL, COCHRAN, and MASON, JJ., concur.