## ADAMS et al. v. HOSKINS et al.

Nos. 20951-20961. Opinion Filed June 24, 1930.

Rehearing Denied Sept. 9, 1930.

John T. Hays and James M. Hays, Jr., for plaintiffs in error.

Cochran & Noble and Sam L. O'Bannon, for defendants in error.

HEFNER, J. This is the fourth time the controversy involved in this litigation has been before this court. In 1921, Cora Adams, one of the plaintiffs in error herein, as plaintiff, instituted an action in the district court of Okmulgee county against the defendants herein, wherein she sought to recover the possession of the same lands involved in this action. She alleged that the allottee of the land was born on the 29th of October, 1886, and that certain deeds which he had executed prior to October 29, 1907, were executed during his minority and were void, and that a certain deed which he executed on October 29, 1907, was void for the reason that it was an attempted ratification of his prior deeds and pursuant to an agreement made before restrictions were removed and without a new consideration.

The demurrer of the defendants to the plaintiff's petition was sustained by the trial court. The plaintiff elected to stand upon the petition and judgment was rendered against the plaintiff, and on appeal to this court it was held that the lower court was

in error in sustaining the demurrer and the judgment was reversed and the cause remanded with directions to overrule the demurrer. (Adams v. Hoskins, 96 Okla. 239, 221 Pac. 728.)

On remand·the demurrer was overruled, and the defendants filed their answer, in which they denied the allegations of plaintiff's petition and interposed a cross-petition in which they alleged title in themselves. A jury was waived by both parties, the case was tried upon its merits, and the issues found against the plaintiff and in favor of the defendants. The trial court found that the allottee was born in the month of August, 1884, and reached the age of 21 years in the month of August, 1905, and on October 29, 1907, ·executed and delivered a deed to the DeSteiguer Investment Company (under whom the defendants claimed), and that the deed was not made in pursuance of any prior contract or agreement so to do, but that the same was an independent transaction for an independent consideration.

On appeal to this court by plaintiff, the judgment of the trial court was affirmed. (Adams v. Hoskins, 126 Okla. 57, 259 Pac. 136.) As soon as the mandate was spread on the record, the present action involving the same controversy and the same land was instituted by the plaintiffs in error herein against the defendants in the prior action, together with the holders of right under an oil and gas lease executed during the pendency of the prior action, as defendants. The defendants contended that the lower court had exhausted its jurisdiction in the controversy by the decision on the second appeal and moved for the dismissal of the new action. The trial court overruled the motion, whereupon the defendants filed an original proceeding in this court for a writ of prohibition, prohibiting the lower court from assuming jurisdiction in the new action. The writ was denied upon the ground that the defendants were attempting to invoke the defense of res adjudicata, which as a rule must be pleaded as a defense. (Hoskins v. Hays, 135 Okla. 262, 275 Pac. 347.) On the denial of the writ of prohibition, the defendants filed in the lower court their answer, in which they pleaded the proceedings in the prior action, and alleged that the same constituted res adjudicata. After a demurrer to the answer had been overruled, the plaintiffs filed a reply, wherein they admitted the allegations with reference to the proceedings in the prior action, but alleged that both the judgment of the trial court in the prior action and the judgment of this court in affirming same were void. After the

reply had been filed, both parties filed a motion for judgment upon the pleadings, and after a hearing the trial court rendered judgment for the defendants, and it is from this judgment that the plaintiffs have appealed in the case at bar.

Plaintiffs contend that when this court held, when the action was first here on appeal, that the petition did state a cause of action and that the demurrer thereto should have been overruled, it thereby determined the entire controversy adversely to the defendants and left nothing for the lower court to do except take an accounting as to the rents and profits. In other words, it is contended that the lower court, after its action in sustaining the demurrer had been overruled, and the cause remanded with directions to overrule the demurrer, had no power or authority to permit the defendants to file an answer challenging the allegations of the petition, and that its action in permitting an answer to be filed was void. That it had no power or authority to determine or pass on the issues raised by the same, and that its judgment rendered on the merits was void, and the judgment of this court affirming the cause when it was here on the second appeal was likewise void.

The real question at issue in all of this litigation has been, as we view it, whether or not the original allottee was 21 years of age at the time he executed certain deeds and whether or not the deed of October 29, 1907, which was executed after he became of age, was made in pursuance of a prior contract or agreement in violation of the act of Congress in force at that time.

Upon a trial on the merits, the trial court found both of these issues against the plaintiff and in favor of the defendants, and the judgment was affirmed by this court. These judgments became final. Plaintiffs contend that both of these judgments were void, and for that reason they are not bound thereby. There is no doubt but that the plea of res adjudicata should be sustained if these judgments are valid.

When the original action was filed in the first case, the defendants filed a demurrer. The trial court sustained the demurrer. The case was brought to this court and was reversed, with directions to overrule the demurrer. This court in effect held that if the allegations in the petition were true, the deeds executed by the original allottee were void, and for that reason it was held that the petition stated a cause of action. It is the contention of the plaintiff that when the court held, on demurrer, that if

the allegations of the petition were true the deeds were void, that was a final adjudication that the deeds were void. Suppose that when the demurrer was filed in the lower court it had been overruled; the defendants then would have proceeded, if they so desired, to file an answer denying the allegations of the petition, and the case would have gone to trial on the merits. We do not think anyone would question that proceeding. The trial court sustained the demurrer. The appeal was brought here; the cause was reversed, with directions to overrule the demurrer. After the demurrer was overruled by direction of this court, the defendants were in the same position and had the same rights to plead as if the demurrer had been overruled by the trial court when it was first presented to it.

It therefore follows that the proper proceeding was for the defendants, if they saw fit to do so, after the demurrer was overruled, to file an answer. They did so, and issues were joined. The questions to be determined were whether or not the allottee was 21 years old at the time certain deeds were executed, and whether or not the deed executed after majority was made in pursuance of a prior contract or agreement so to do, in violation of the Act of Congress of April 26, 1906 (34 St. L. 137). The court did determine these questions, and they were determined against the plaintiffs. The court had jurisdiction of the parties, it had jurisdiction of the subject-matter, and it had jurisdiction to render that particular judgment. That case was appealed to this court, and was here affirmed. When that judgment became final, it was a valid and binding judgment and forever barred Cora Adams and those claiming under her, unless the judgment should be set aside in some manner provided by law. That has not been done.

The judgment of the trial court is affirmed.

LESTER, V. C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.