**DENVER–GREELEY VALLEY IRR. DIST. et al. v. McNEIL et al.**

**McNEIL et al. v. DENVER–GREELEY VALLEY IRR. DIST. et al.**

Nos. 1273, 1274.

Circuit Court of Appeals, Tenth Circuit.

Jan. 6, 1936.

John P. Akolt, of Denver, Colo. (Elmer L. Brock, E. R. Campbell, Milton Smith, and Karl F. Crass, all of Denver, Colo., on the brief), for appellants Denver-Greeley Valley Irr. Dist. and others.

Albert L. Vogl, of Denver, Colo. (Carle Whitehead and Frank A. Wachob, both of Denver, Colo., on the brief), for appellees McNeil and others.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an action at law to recover judgment on bonds and interest coupons issued by the Denver-Greeley Valley irrigation district in Colorado. The district issued its serial bonds of $500 each, aggregating $2,000,000, dated April 5, 1909, maturing serially in the years 1920 to 1929, both inclusive, and bearing interest from date at the rate of 6 per cent. per annum; the interest being evidenced by attached coupons. Levies were duly made upon the lands within the district for the purpose of paying the principal of the bonds as it matured, and the money derived therefrom would have been sufficient in amount for that purpose if the taxes had been paid in full. Like levies were made to pay the interest for the years 1910, 1911, and 1912 and 1920 to 1929, both inclusive; and the money derived therefrom would have been enough for that purpose if the assessments had been paid in full. No levies were made for the purpose of paying the interest which accrued during the years 1913 to 1919, both inclusive. Due to failure of certain landowners to pay their assessments, there were outstanding and unpaid bonds in the sum of $124,-

029.09 on September 1, 1930, and the district had only $1,103.84 which was applicable to their payment. In consequence of the failure to levy assessments for the purpose of paying interest coupons which matured in the years 1913 to 1919, inclusive, and failure of certain owners of land to pay their assessments during other years, there were outstanding and unpaid interest coupons in the sum of $1,017,022.50 on September 1, 1930, of which $840,000 matured in 'the years 1913 to 1919, and the district had only $944.59 which properly could be used in payment of such interest.

Plaintiff sought recovery on two bonds and interest coupons in the sum of $8,691.50. Both bonds and all of the coupons, except one for $15, matured more than six years prior to the institution of the suit. Judgment was prayed for the amount of the bonds, with interest from maturity at the rate of 6 per cent. per annum, and for the amount of the interest coupons, with interest from their respective maturity dates at the rate of 8 per cent. per annum. Fay and Plouff intervened, seeking to recover upon four bonds and interest coupons in the sum of $2,021.20. Three of the bonds and all of the coupons except two in the sum of $25.30 fell due more than six years prior to the date on which the petition in intervention was filed. Interveners likewise prayed judgment for the amount of the bonds, with interest from their respective maturity dates at the rate of 6 per cent. per annum, and for the amount of the coupons, with interest from the respective dates on which they matured at the rate of 8 per cent. per annum. Defendant denied liability for interest after maturity and pleaded the six-year statute of limitations.

The trial court denied the plea of limitation, rendered judgment for the face amount of the bonds and coupons, but without interest after maturity, and provided that the judgment should be enforced only in accordance with the statutes and decisions of the state relating to irrigation districts. The district appealed from that part of the judgment awarding recovery for the face of the obligations, and plaintiff and interveners perfected a cross-appeal from that part which denied recovery for interest after maturity.

The first question presented is whether the district can assert the statute of limitations, which provides that an action for debt founded upon contract shall be commenced within six years after the cause of action accrued. Section 6392, C.L.1921. The bonds in question were issued under the provisions of chapter 113, Laws of Colorado 1905, as amended by chapter 194, Laws of 1907. The original act provides that they shall bear interest not to exceed 6 per cent. per annum, payable semiannually, and that such interest shall be evidenced by attached coupons. Section 15. The bonds and interest shall be paid by revenue derived from an annual assessment upon the real estate within the district. Section 17. The board of directors of the district is required to determine on or before the 1st of September in each year the amount of money necessary to meet the maintenance, operating, and current expense during the ensuing year and to certify the sum to the county commissioners of the county in which the office of the district is located. Section 18. Upon receiving from the assessor the returns for the total assessment of the district and with the described certificate from the district, the county commissioners fix the rate and make a levy necessary in amount to provide the sum required for maintenance, operating, and current expense and to pay the principal and interest of the bonds as it becomes due, plus 15 per cent. to cover delinquencies. Section 20. The county treasurer is made ex officio treasurer of the district. It is his duty to collect the taxes thus levied, place all money received on account of principal and interest of bonds issued by the district in a separate account, from which he shall pay the principal and interest as it becomes due. Section 21 (as amended by Laws 1907, p. 490, § 3).

The Supreme Court of Colorado has construed these provisions of the statute several times, and that construction is binding here. Marine National Exchange Bank v. Kalt-Zimmers Manufacturing Co., 293 U.S. 357, 55 S.Ct. 226, 79 L.Ed. 427; Terry v. Midwest Refining Co. (C.C.A.) 64 F.(2d) 428; Ætna Life Ins. Co. v. Wertheimer (C.C.A.) 64 F.(2d) 438; Shell Petroleum Corporation v. Hollow (C.C.A.) 70 F.(2d) 811; Divide Creek Irrigation District v. Hollingsworth (C.C.A.) 72 F.(2d) 859, 96 A.L.R. 937; Knoell v. Frisco Lease, Inc. (C.C.A.) 78 F.(2d) 286.

The levies authorized by the act are in the nature of special assessments for local improvements as distinguished from general taxes, and the liabilities of the district are a charge upon the lands ratably, with the acre as the unit. The assessments are determined upon the basis of benefits derived and the bonds are payable exclusively out of the fund derived from such assessments. Interstate Trust Co. v. Montezuma Irrigation Dist., 66 Colo. 219, 181 P. 123; Thomas v. Henrylyn Irrigation Dist., 79 Colo. 636, 247 P. 1059; Board of County Commissioners v. Heath, 87 Colo. 204, 286 P. 107; Heath v. Green City Irrigation Dist., 91 Colo. 202, 13 P.(2d) 1113; Wilcox & Son v. Riverview Drainage Dist., 93 Colo. 115, 25 P.(2d) 172. It is urged that the case of Michigan Trust Co. v. Otero Irrigation Dist., 76 Colo. 441, 232 P. 919, is to the contrary with respect to the bonds being payable solely from the special fund. There the court considered the act of 1915 authorizing the dissolution of an irrigation district if all of its debts have been liquidated or adequate security is accepted by its creditors. Sections 2035, 2036, 2037, C.L.1921. That statute makes no distinction between general debts and special obligations of the kind involved here. It provides that the right of dissolution depends upon payment of all valid indebtedness of the district or the giving of adequate security which is acceptable to the creditors, and in sustaining that legislative mandate the court held that a district cannot dissolve while judgment based upon bonds and coupons remains outstanding and unpaid; that, if the district has property or money other than the specific fund raised by the levy, it must be applied to the liquidation of the debt. That case does not impinge upon those just cited which determine definitely that, while the district is an operating entity, its bonds and coupons are special obligations payable exclusively out of the proceeds derived from the authorized special assessment. And Rialto Irrigation Dist. v. Stowell (C.C.A.) 246 F. 294, is not in point because it was held that the bonds in question there constituted a general obligation of the district.

■ The established law in Colorado and the predominating rule elsewhere is that, where obligations of this kind are payable only in a special manner and exclusively from a particular fund derived from special assessments or taxes, the defense of limitation is not available unless all of the administrative steps have been taken to create the fund. The reason for the rule is plain. It is that a debtor cannot take advantage of its own neglect in that manner. Berkey v. Board of Commissioners, 48 Colo. 104, 110 P. 197, 20 Ann.Cas. 1109; Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766; Robertson v. Blaine County (C.C.A.) 90 F. 63, 47 L.R.A. 459; Hubbell v. City of South Hutchinson, 64 Kan. 645, 68 P. 52; Board of Commissioners v. Clarke & Courts, 12 Okl. 197, 70 P. 206; Fabric Fire Hose Co. v. Town of Afton, 95 Okl. 298, 219 P. 680; Rogers v. City of Omaha, 82 Neb. 118, 117 N.W. 119; Stockholders' Inv. Co. v. Town of Brooklyn, 216 Iowa, 693, 246 N.W. 826; J. H. Tillman Co. v. City of Seaside, 145 Or. 239, 25 P.(2d) 917. Since the requisite administrative steps were not taken to provide the fund with which to pay these obligations in full, the statute of limitations is unavailable.

■ The remaining question is whether plaintiff and interveners are entitled to recover interest on their bonds and coupons after maturity. We think the answer reposes in the decision of the Supreme Court of Colorado in which it is held that the statute designates the specific fund out of which the obligations are payable; that it authorizes special assessments for the payment of the principal and coupons, but makes no provision for interest after their due date and that bondholders must be held to have acquired their bonds and coupons with that understanding. Thomas v. Henrylyn Irrigation Dist., supra; Heath v. Green City Irrigation Dist., supra; North Denver Municipal Irrigation Dist. v. Heath, 91 Colo. 210, 13 P.(2d) 1116. It is said that the rule has no application if the default in payment is due to a failure to make the required levies. The argument is unmindful of the fact that in the last case cited no levy had been made and the action was one in mandamus to compel the board of county commissioners to make it, yet the rule was applied without qualification and interest was denied.

It is our conclusion that neither the appeal nor the cross-appeal presents error. Accordingly, the judgment is affirmed.